ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Friday, August 16, 2019 3:22:31 PM
CASE NUMBER: 2019 CV 03784 Docket ID: 33727722
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO CIVIL DIVISION

| | | |
|---|---|---|
| HOLLY S. GIBSON<br>2230 S. Patterson Blvd.<br>Dayton, OH  45409 | * <br><br>* | CASE NO. _____<br><br>JUDGE _____ |
| Plaintiff, | * | |
| vs. | * | |
| OFFICER TOM CONLEY<br>In his Individual Capacity<br>and as an Officer of the<br>City of Kettering, OH<br>3600 Shroyer Rd.<br>Kettering, OH  45429 | *<br><br>*<br><br><br>* | **PLAINTIFF'S COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |
| and | * | |
| CITY OF KETTERING, OHIO<br>3600 Shroyer Rd.<br>Kettering, OH  45429 | *<br><br>*<br>* | |
| Defendants. | | |

CITY OF KETTERING
RECEIVED LAW DEPT.
19 AUG 22 PM 12: 12

Plaintiff, Holly S. Gibson, by and through her attorney, alleges the following as her Complaint:

### JURISDICTION AND VENUE

1. This Honorable Court has jurisdiction over all claims presented herein pursuant to 42 U.S.C. § 1983 and the concurrent jurisdiction of Ohio Courts and  and R.C. 2305.01.

2. Venue is appropriate under Civ.R. 3(C) (1)-(4), and (6).

1

## PARTIES

3. Plaintiff Holly S. Gibson ("Gibson") is and was at all times relevant, a resident of the City of Dayton, Montgomery County, Ohio.

4. Patrol Officer Tom Conley ("Conley") is and was, at all times relevant, a police officer employed by the City of Kettering, Ohio Police Department.

5. Defendant City of Kettering is and was at all times pertinent, a municipal corporation organized under the laws of the State of Ohio, located in Montgomery County, Ohio.

## FACTS

6. Plaintiff incorporates all foregoing paragraphs of this Complaint by reference as if fully rewritten herein.

7. On August 16, 2017, Plaintiff Holly Gibson drove to the Buckin' Donkey restaurant and bar, located at 2866 South Dixie Drive, in Kettering, to meet a friend. When the friend did not arrive, Ms. Gibson returned to her car to phone her friend and find out where they would meet.

8. At the time, Ms. Gibson, who was sixty-eighty (68) years old, suffered from an arthritic knee condition which generally required her to use a cane to assist with walking. Ms. Gibson did not bring the cane with her into the bar, which caused her to stumble while leaving the bar.

9. Evidently, Ms. Gibson's medical condition drew the attention of personnel at the restaurant who believed she was not fit to drive, although this was untrue, who reported her to the Kettering Police. As she sat in her car, restaurant employees reported that she was passed out from alcohol. Ms. Gibson was not and was not impaired.

2

10. As Ms. Gibson sat in her car, she was confronted by Kettering Police, at approximately 4:30 p.m., who instructed her to exit her car.

11. Only two days prior to the events underlying this case, Ms. Gibson had a pedicure which involved the removal of callouses from the soles of her feet, making them particularly sensitive.

12. The temperature on that day was approximately ninety degrees Fahrenheit (90°), with Ms. Gibson parked in full sun on an asphalt parking lot, which resulted in the asphalt parking lot being approximately one-hundred and forty-five degrees (145°) Fahrenheit.

13. Ms. Gibson had removed her shoes while she waited in her car, a 1998 Mercedes SLK230.

14. Officer Conley, who had arrived at the scene, ordered Ms. Gibson to exit her car.

15. Ms. Gibson did not understand why she was being detained, and asked to be able to put on her shoes. Officer Conley refused to allow Ms. Gibson to put on her shoes and forcibly removed her from the car before she could put her shoes on.

16. Officer Conley then forced Ms. Gibson to stand, and later to walk across, the hot parking lot in her bare feet, as the hot asphalt burned the soles of her feet, despite Ms. Gibson's cries of pain.

17. Officer Conley forcing an elderly woman to stand and walk on a blistering hot asphalt constituted an unreasonable use of force and was cruel and wanton infliction of punishment.

18. Officer Conley arrested Ms. Gibson and took her to the Kettering Police Station, from where she was eventually taken to the Montgomery County Jail.

19. During her entire stay at the Montgomery County Jail, Gibson continued to complain of severe physical pain but received no medical treatment until she was released. during his entire incarceration, after which she sought emergency treatment.

20. Ultimately, Gibson was charged with failure to disclose personal information under R.C. 2921.29; resisting arrest under R.C. 2921.33 and Physical Control under the Influence under R.C. 4511.194.

21. Ms. Gibson pleaded no contest to her charge under R.C. 2921.33(A) and to Reckless Operation under 4511.201.

## CAUSES OF ACTION

### BRANCH ONE
**(Unnecessary, Excessive Use of Force/Cruel and Unusual Punishment, Violation of Civil Rights under 42 U.S.C. §1983)**
**(Asserted against Defendant Conley)**

22. Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

23. Defendant Conley used excessive force against Plaintiff in detaining and arresting her.

24. Defendant Conley, without privilege or cause to do so, unlawfully forced Ms. Gibson to stand and walk across the hot asphalt in her bare feet, causing her severe pain, and burns to the soles of her feet.

25. The actions of Defendant Conley constituted an excessive use of force, an unreasonable seizure, and deprived Plaintiff of her right to be free from an unlawful seizure, and her right to be free from cruel and unusual punishment, as guaranteed by the Federal Constitution and Federal law.

26. Plaintiff is entitled to compensatory and punitive damages for Defendants' violations of his rights as guaranteed by the United States Constitution and Federal Law, pursuant to 42 U.S.C. §1983.

**BRANCH TWO**
**(Deficient Policy of Hiring, Employment and Supervision of Officers, Violation of Civil Rights under 42 U.S.C. §1983)**
**(Asserted against Defendant City of Kettering)**

27. Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

28. Defendants the City of Kettering engaged in a custom or policy of hiring unqualified officers who exhibited deliberate indifference to the constitutional rights of individuals like Plaintiff.

29. Defendants the City of Kettering, furthermore, engaged in a custom or policy of employing and supervising police officers that exhibited deliberate indifference to the constitutional rights of individuals like Plaintiff.

30. Defendants the City of Kettering, furthermore, engaged in a custom or policy with respect to the use of force by police officers that exhibited deliberate indifference to the constitutional rights of individuals like Plaintiff.

31. The City of Kettering repeatedly refused to investigate allegations of use of excessive force by City of Kettering police officers, and refused to discipline officers who used excessive force, creating an unofficial policy of tolerance to the use of excessive force by City of Ketteing police officers. This unofficial policy of tolerance encouraged City of Kettering police officers to use excessive force, since they would not be disciplined for doing so.

32. Defendants Conley's unconstitutional use of force against Plaintiff Holly Gibson, which resulted in injury to Ms. Gibson, was a direct and proximate result of the deliberate

indifference of the Defendants the City of Kettering with respect to the hiring, supervision, and discipline of officers like Defendant Conley.

33. Plaintiff is entitled to compensatory and punitive damages for Defendants' violations of his rights as guaranteed by the United States Constitution and Federal Law, pursuant to 42 U.S.C. §1983.

## CLAIM FOR PUNITIVE DAMAGES

34. Plaintiff incorporates all foregoing paragraphs of this Complaint as if fully rewritten herein.

35. The conduct of the Defendants as pleaded herein was undertaken with evil intent, maliciously, intentionally, willfully, wantonly, recklessly, or with a substantial disregard for Plaintiff's right and was substantially certain to result in harm to Plaintiff.

36. Plaintiff is thus entitled to an award of punitive damages for defendants' wrongful conduct as pleaded herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgement against the Defendant, jointly and severally as follows:

A) Compensatory damages in an amount greater than Twenty-Five Thousand Dollars ($25,000.00);

B) Punitive damages in an amount greater than Twenty-Five Thousand Dollars ($25,000.00); and

C) Their costs of this action to include reasonable attorney fees, prejudgment interest, post-judgment interest, and such other and further relief to which Plaintiff may be entitled at law or equity.

Respectfully submitted,

*/s/ Kevin A. Bowman*
Kevin A. Bowman (0068223)
BRANNON & ASSOCIATES
130 W. Second St. Suite 900
Dayton, OH 45402
Telephone: (937) 228-2306
Facsimile: (937) 228-8475
E-Mail: dbrannon@branlaw.com
Attorney for the Plaintiff

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues presented herein.

*/s/ Kevin A. Bowman*
Kevin A. Bowman

7

-----PAGE INTENTIONALLY LEFT BLANK-----